# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUSSEIN ALI KIETTY, | 1:13-cv-00051-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT |
| v. | (Doc. 8) |
| R. DILL, et al., | |
| Defendants. | |

## I. BACKGROUND

Hussein Ali Kietty ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 14, 2013, and the Complaint awaits the requisite screening by the Court. (Doc. 1.) On March 18, 2013, Plaintiff filed a request for entry of default against the defendants. (Doc. 8.)

## II. ENTRY OF DEFAULT

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A).

1  Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver
2  of service.  Fed. R. Civ. P. 4(d).

3  Plaintiff requests entry of default against all of the defendants in this action.  Plaintiff
4  maintains that the court record shows "that the Defendants were served by the state marshal ... on
5  January 14, 2013  ... [and] more than 20 days have elapsed ... [and] Defendants have failed to
6  answer." (Request, Doc. 8 at 1:17-25.)  Plaintiff argues that default should be entered because more
7  than twenty days have elapsed since the date defendants were served, and defendants have failed to
8  answer or otherwise defend against the complaint.

9  Plaintiff's motion is premature because defendants have not been served in this action.  The
10 Court finds no evidence on the court record that defendants were served by the marshal on January
11 14, 2013.  (Court Record.)  The Court will, *sua sponte*, direct the United States Marshal to serve the
12 complaint only after the court has screened the complaint as required by 28 U.S.C. § 1915A and
13 determined that it contains cognizable claims for relief against the named defendants.  Thus, the time
14 limits set forth in Rule 4 are inapplicable until such time as the Court determines the complaint states
15 cognizable claims for relief.  As the Court has yet to screen Plaintiff's complaint, and defendants
16 have not been served in this action, Plaintiff's request for entry of default is premature and shall be
17 denied as such.

18 **III.    CONCLUSION**

19 Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request for entry of
20 default, filed on March 18, 2013, is DENIED as premature.

22     IT IS SO ORDERED.

23     **Dated:     March 19, 2013**                          **/s/ Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE