UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

HUSSEIN ALI KIETTY,

    Plaintiff,

vs.

C/O R. DILL, et al.,

    Defendants

Case No. 1:13 cv 00051 GSA PC

ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT

AMENDED COMPLAINT DUE IN THIRTY DAYS

**I.**    <u>**Screening Requirement**</u>

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on January 25, 2013 (ECF No. 7).

1

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Kern Valley State Prison, brings this civil rights action against defendant correctional officers employed the CDCR at Pleasant Valley State Prison. Plaintiff names as defendants C/O R. Dill and C/O R. Santiago.

In December of 2011, Plaintiff was housed at Pleasant Valley. Plaintiff alleges that on December 20, 2011, Plaintiff asked Dill, who was responsible for distributing canteen items, if he could have his canteen items. Dill told Plaintiff that he would give Plaintiff his canteen items "when he thinks about it." The next day, Dill and Santiago were distributing milk and orange juice from cell to cell. Plaintiff again asked Dill for his canteen items. Santiago told Dill not to give Plaintiff his canteen items.  Ten minutes later, Dill and Santiago returned to Plaintiff's cell. Dill opened Plaintiff's tray slot and handed Plaintiff a tray. As Plaintiff took the tray, Dill held up his hand to show Plaintiff his glove. On the glove was written "Ali is a terrorist." Plaintiff is

Muslim. Plaintiff then "instructed C/O R. Dill and S. Santiago about this harassment and discriminatory conduct."

Plaintiff filed an inmate grievance, and on January 18, 2012, was interviewed by Lt. Nelson regarding the grievance filed by Plaintiff. Plaintiff told Lt. Nelson "that after several times of asking C/O R. Dill for my canteen I got frustrated and angry and cussed out at him on the date of 12/20/11 which was the day before he wrote 'Ali is a terrorist' on his glove." After the interview on January 18, 2012, Plaintiff was given his canteen items by C/O Dill. Plaintiff alleges that once his canteen was delivered, he has not any more problems concerning the matter with either Dill or Santiago.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44). Plaintiff has not specifically charged each defendant with conduct indicating that they deprived Plaintiff of a protected interest.

Plaintiff refers to the Fourteenth Amendment, but fails to state a claim for relief under the Equal Protection Clause. The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Shakur v. Schiriro, 514 F.3d 878, 891 (9th Cir. 2008). A plaintiff may establish an equal protection claim by showing that the plaintiff was intentionally discriminated against on the basis of plaintiff's membership in a protected class. Comm. Concerning Cmty. Improvement v. City of

3

Modesto, 583 F.3d 960, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Dept. of Agr., 553 U.S. 591, 601-02 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).  A single instance of referring to Plaintiff as a terrorist does not subject C/O Dill to liability for a violation of the Equal Protection Clause.

Further, mere verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Allegations of threats and harassment do not state a cognizable claim under 42 U.S.C. § 1983. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996)(assaultive comments by prison guard not enough to implicate Eighth Amendment); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987)(mere threat does not constitute constitutional wrong).

Plaintiff alleges that he has suffered emotional distress.  Plaintiff is advised that pursuant to 42 U.S.C. §1997(e), prisoners cannot bring civil suits in federal court for mental or emotional injuries suffered while incarcerated unless they first show that the suffered physical injury.

### III. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must

be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **May 23, 2014**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE